The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following question:
 What do municipalities have to do legally to collect sewer impact fees on new residential and commercial developments?
RESPONSE
A conclusive answer to this question may require reference to the state and/or local legislative authority for the particular fees in question. The term "impact fee" does not derive from state law. In Attorney General Opinion 99-068, I noted that state law does not address the issue of water and sewer fees and does not differentiate among fees other than to grant cities the authority to establish fees for the use of water and sewer systems. Id., citing A.C.A. §§ 14-234-214 (waterworks) and 14-235-223
(sewerage systems). Section 14-235-223 gives cities the power to establish "rates or charges for the use of and the service rendered by the [sewer] works. . . ." A.C.A. § 14-235-223(a)(1).
Assuming that the particular fees in question are established under §14-235-223, reference should be made to subsection (h) thereof, which provides as follows:
 If any service rate or charge established shall not be paid within thirty (30) days after it is due, the amount of it, together with a penalty of ten percent (10%) and a reasonable attorney's fee, may be recovered by the sewer committee in a chancery suit, filed in the chancery court of the county where the works, or the greater part of them, shall be located, in the name of the municipality or in the name of the trustee under the indenture securing the revenue bonds, or in the name of the bondholders, to such extent as their right to sue in their own name may be permitted under the trust indenture.
Cities may thus proceed in chancery court to recover charges imposed under § 14-235-223. However, I do not view this as a mandate. Cf. LamarBath House Co. v. City of Hot Springs, 229 Ark. 214, 315 S.W.2d 884
(1958). My research has disclosed no other provision dictating what cities must do legally to collect sewer impact fees. It thus appears that this is a matter to be determined by the municipalities, with the advice of local counsel.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh